[Cite as *State v. Pingle*, 2013-Ohio-4876.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BRANDON K. PINGLE | : | Case No. 13-CA-00005 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 10-CR-0088


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT:      November 1, 2013


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOSEPH A. FLAUTT      JAMES S. SWEENEY
111 North High Street      341 South Third Street
P.O. Box 569      Suite 301
New Lexington, OH  43764-0659      Columbus, OH  43215

*Farmer, P.J.*

{¶1}   On November 15, 2010, the Perry County Grand Jury indicted appellant, Brandon Pingle, on one count of escape in violation of R.C. 2921.34.   Appellant pled guilty as charged.   By termination judgment entry filed June 17, 2011, the trial court sentenced appellant to five years of community control, ordered him to serve ninety days in jail, and granted him zero days of jail time credit.

{¶2}   On July 10, 2012, appellant admitted to a probation violation.   By journal entry filed July 25, 2012, the trial court sentenced appellant to thirty-seven days in jail and granted him thirty-seven days of jail time credit.

{¶3}   On January 22, 2013, appellant's probation was revoked.   By termination judgment entry filed February 4, 2013, the trial court sentenced appellant to eleven months in prison and granted him one day of jail time credit.

{¶4}   On May 10, 2013, appellant filed a motion for additional jail time credit.   By entry filed May 20, 2013, the trial court denied the motion.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows:

I

{¶6}   "THE TRIAL COURT ERRED BY NOT GIVING APPELLANT ALL REQUIRED JAIL-TIME CREDIT PURSUANT TO *STATE V. FUGATE*, 117 OHIO ST.3D 261, 883 N.E.2D 440, 2008-OHIO-856."

I

{¶7}   Appellant claims the trial court failed to give him all of his required jail time credit.   We agree.

{¶8} R.C. 2967.191 governs credit for confinement awaiting trial and commitment and states the following:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶9}    Apparently appellant initially served ninety days in jail and then thirty-seven days in jail.   However, by termination judgment entry filed February 4, 2013, the trial court credited appellant with only one day of jail time credit.   In its brief at 1, the state concedes "there is some inconsistency in the jail time credit that would warrant a remand and a hearing."   We concur with the state.

{¶10}  The sole assignment of error is granted.

{¶11}  The judgment of the Court of Common Pleas of Perry County, Ohio is hereby reversed and the matter is remanded for hearing and consideration of the issue of jail time credit.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.


_____
Hon. Sheila G. Farmer


_____
Hon. Patricia A. Delaney


_____
Hon. Craig R. Baldwin


SGF/sg 1015

[Cite as *State v. Pingle*, 2013-Ohio-4876.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRANDON K. PINGLE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 13-CA-00005 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio is reversed, and the matter is remanded to said court for hearing and consideration of the issue of jail time credit. Costs to appellee.

_____
Hon. Sheila G. Farmer

_____
Hon. Patricia A. Delaney

_____
Hon. Craig R. Baldwin